UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
Spottswood W. Robinson III and Robert R. Mehrige Jr.
Federal Courthouse, 701 East Broad Street
Richmond. Virginia 23219

CHRISTOPHER M. HARRIS,

                Plaintiff,

v.                               Civil Action No. 3:21 cv145

**TRANS UNION, LLC**
Please Serve:
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
Registered Agent,

**EQUIFAX INFORMATION SERVICES, LLC.**
Please Serve:
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
Registered Agent,

**VIRGINIA CREDIT UNION, INC.**
Please Serve:
Christopher M. Shockley
Va Credit Union
7500 Boulders View Drive,
Richmond, Virginia 23225
Registered Age

                Defendants.

## COMPLAINT

Christopher M. Harris ("Harris"), by counsel, sets forth the following to the Court:

1

## I. Jurisdiction

1. This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1681(p); 12 U.S.C. § 2614; 28 U.S.C. § 1331, 28 U.S.C. § 1367; and 15 U.S.C. 1692 et seq.

## II. Venue

2. Venue is proper in the Court because the registered agents for all of the defendants are either in the City of Richmond, or in Chesterfield County, Virginia.

## III. Parties

3. Harris is a natural person who resides in the Commonwealth of Virginia.

4. Equifax Information Services, LLC ("Equifax") is a for-profit corporation doing business in the Commonwealth of Virginia. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

5. TransUnion, LLC ("TransUnion") is a for-profit corporation doing business in the Commonwealth of Virginia. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

6. Virginia Credit Union, Inc. ("Virginia Credit Union") is a for-protit corporation doing busines in the Commonwealth of Virginia

## IV. Facts

7. Harris owns his home ("the home") located at 119 Saint Charles Place, Aylett, Virginia 23009-4176, subject to the lien of a deed of trust securing a mortgage loan from Virginia Housing Development Authority ("VHDA").

8. In August 2020, Harris initiated a process for a possible refinance mortgage loan because he believed a refinance mortgage loan would likely reduce his monthly payments.

9. Thereafter Harris and Virginia Credit Union engaged in communications towards a potential refinance mortgage loan.

10. Prior to closing on such a refinance loan, Harris decided not to complete the refinance loan process because he was not satisfied with all of the terms that would have been part of such a refinance loan.

11. As a result of such decision, Harris notified Virginia Credit Union that he chose not to complete the refinance loan process and Virginia Credit Union, by agency, acknowledged that Harris not had, in fact, entered into such a loan with Virginia Credit Union.

12. There had been a closing scheduled for December 22, 2020. On that basis, Harris attended what had been planned for a closing, but, after reviewing the charges associated for such a loan, Harris decided not to go through with obtaining a loan from Virginia Credit Union.

13. Harris informed Virginia Credit Union that he had decided not to obtain a refinance mortgage loan from Virginia Credit Union. An employee of Virginia Credit Union acknowledged being informed that Harris had decided not to obtain a loan from Harris.

14. Notwithstanding being informed that Harris had decided not to complete the process to obtain from Virginia Credit Union a refinance mortgage loan, after the end of what would

have been the three-day period for potential rescission after what had been planned for a closing on December 22, 2020, Virginia Credit Union, on December 28, 2020, wired to the entity Harris had chosen as settlement agent ("the settlement agent") (if he had gone through with the refinance mortgage loan) what would have been loan funds if Harris (which he did not) had obtained a refinance mortgage loan from Virginia Credit Union.

15. Because Harris had not gone through with obtaining a mortgage loan from Virginia Credit Union, the settlement agent returned the said funds to Virginia Credit Union.

16. No loan funds were received by Harris or paid on his behalf by Virginia Credit Union.

17. Thereafter, Harris explored a refinance mortgage loan with a different lender.

18. Having become aware that Harris was exploring a refinance loan with another lender, Virginia Credit Union tried to persuade Harris to complete the process for a refinance loan with Virginia Credit Union. However, Harris decided not to obtain a refinance loan from Virginia Credit Union.

19. Notwithstanding that Virginia Credit Union had not made a refinance loan to Harris, Virginia Credit Union reported to credit bureaus, including TransUnion and Equifax that he had.

20. As a result, TransUnion and Equifax included on Harris' credit record that Harris had a mortgage loan with Virginia Credit Union, although that has never been the case.

21. As a result of what is set forth herein above, Harris' credit report with Equifax and TransUnion has made it appear that Harris has two mortgages on his home, one for $169,033 with VHDA, and one with Virginia Credit Union for $172,278.

22. On January 28, 2021, Harris sent written disputes to Equifax and TransUnion setting forth that his credit reports by each of those credit bureaus were in error because they stated that he had a mortgage loan with Virginia Credit Union but he did not.

23. Equifax and TransUnion informed Virginia Credit Union of Harris' dispute and complaint about Virginia Credit Union's report (claiming Harris had obtained a loan from Virginia Credit Union).

24. Virginia Credit Union did not properly respond to the complaint made by Harris to Equifax and TransUnion and took no proper action to correct what had been Virginia Credit Union's incorrect report to Equifax and TransUnion that Harris had entered into a refinance mortgage loan with Virginia Credit Union.

25. Equifax and TransUnion understood that Harris had made a dispute on January 28, 2021 as to Harris' credit report, but did not sufficiently take action to investigate what they understood to be a dispute to Harris' credit report within the required time to do so.

26. None of the defendants took any action in response to Harris' credit dispute to effect correction of Harris' incorrect credit report that he had entered into a mortgage loan with Virginia Credit Union.

27. In failing properly to investigate and to correct the aforesaid error in Harris' credit report, Equifax and TransUnion breached the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ("the Fair Credit Reporting Act").

28. In failing to investigate its own error and in failing to correct its error in reporting to the aforesaid credit bureaus that Virginia Credit Union had made a refinance mortgage loan to Harris, despite knowing this was incorrect, and in failing to correct the mistake that its

credit reporting of such purported loan (not actually made) Virginia Credit Union breached the Fair Credit Reporting Act.

29. As a proximate result of the aforesaid violations of the Fair Credit Reporting Act, including the conduct, action, and inaction of Equifax Transunion, and Virginia Credit Union, each of which did so separately, Harris sustained the following damages:

   A. He has been delayed in completing a refinance loan with All American Mortgage Corporation whicgh has made it made him unable to close in early March 2021 at a locked-in interest rate, so that he will have to incur costs to retain the same interest rate (2.75%) (based on a conventional loan)

   B. He has lost income because of work trying to obtain correction of his incorrect credit report.

   C. He sustained consideable emotional distress, including, (i) depression; (ii) anger, (iii) frustration; (iv) difficulty in personal relationships; (iv) a sense of having been subjected to injustice; (v) increase in blood pressure; (vi) chest pains; (vii) anxiety; (viii) and (ix) loss of the normal enjoyments of daily life.

   D. As a result of the emotional distress recited in subsection (C) of this paragraph of this complaint, Harris has sought medical testing, and, as a result, has incurred medical expenses.

30. The conduct, action, and inaction of Equifax, Trans Union, and Virginia Credit Union recited herein above rendered them liable for actual and statutory damages, in an amount to be determined by the jury. In the alternative, Equifax, Trans Union, and Virginia Credit Union were negligent, entitling Harris to recover actual damages under 15 U.S.C. Section 168.

31. As a result of the matters set forth herein above, Harris is entitled to recover actual damages, statutory damages, and attorney's fees from Equifax, Transunion, and Virginia Credit Union, jointly and severally.

32. As a result of the facts recited herein above, there are grounds for this Court to enter a judgment in favor of Harris against Equifax, Transunion, and Virginia Credit Union for punitive damages.

### Call for Trial By Jury

33. Harris calls for trial by jury.

### Conclusion

Wherefore, Harris prays that the Court enter a judgment in Harris' favor against Equifax, Transunion, and Virginia Credit Union, jointly and severally, for actual damages, compensatory damages, including for emotional distress, for statutory damages, punitive damages and for attorney's fees.

Respectfully submitted,

**CHRISTOPHER M. HARRIS,**
By /s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Christopher M. Harris*